No. 12,780.

PEOPLE EX REL. COLORADO BAR ASSOCIATION *v.*
.......... ATTORNEY.

(295 Pác. 917)

Decided February 2, 1931.

MR. JUSTICE BURKE delivered the opinion of the court.

THERE was filed with the committee on grievances of the Colorado Bar Association a complainst against respondent containing two charges of unprofessional conduct. Respondent answered, admitting, in substance, the facts alleged, but challenging the correctness of the conclusions drawn therefrom, and presenting matters in mitigation. The committee, acting under our rules, particularly numbers 84h and 84i thereof (85 Colo. pp. XXXVIII and XXXIX), after a full hearing on the issues thus presented, made its report to this court finding respondent guilty on each charge and recommending his public reprimand. Thereupon respondent was heard as provided by said rules and elected to abide by said finding and recommendation. It is now therefore ordered that this cause be docketed in this court, that the report of the committee be sealed and so remain in the files of the clerks' office until otherwise ordered, that all remaining papers be returned to the files of the commit-

326

tee, and that, for reasons hereinafter appearing, respondent's name be omitted from the court records and published reports.

■ 1. The first charge against respondent is the unauthorized alteration of a check. A owed B. The amount of the debt was in dispute. ' A compromise was finally agreed upon and a check therefor given. The check bore upon its face the words "In full payment of all claims to date." Thereupon B conferred with respondent on the question of his ability to collect an additional amount. Respondent struck out the quoted words and the check was presented for payment. This was refused by the bank because of the alteration. B, through respondent, then sued for the larger sum and failed to recover.

Passing the questions of material alteration and forgery the committee finds this an attempt by respondent "to reap a benefit for his client through the destruction of written evidence against him," and concludes that "such conduct by a lawyer is reprehensible." The committee was right.

■ 2. The second charge against respondent is that while X was in possession of a building, the right to which was in litigation, respondent, carrying a revolver and accompanied by others, some of them similarly armed, broke open the door, entered, and ejected him. The committee finds respondent guilty of this offense. It was aggravated by the further fact that respondent was counsel for those claiming against X, of whom he was one, and had himself invoked the aid of the court whose functions he thus usurped. The committee concludes "that respondent having once sought his remedy through court, held up that court to public contempt when he cast aside the process he had invoked and started upon a buccaneering campaign of his own," and that such conduct is "intolerable." Again the committee is right.

No lawyer can make, destroy or alter evidence, irrespective of whether such conduct constitutes a crime,

and maintain his standing at this bar; nor can be ignore available legal remedies and resort to arms, nor appeal thereto from the courts, and do so. The committee calls attention to ''the frequency with which is laid before it complaints of a lawyer's use of intimidation, force or violence in preference to the more orderly processes of the law.'' We have heretofore had occasion to say of one similarly offending: ''In the employment of force and intimidation he was resorting to the methods of a highwayman, not a lawyer.'' *People v. Kelley,* 87 Colo. 88, 285 Pac. 767.

The committee finds that respondent is a man of education and character, that he has practiced law in this state for more than thirty years last past, that he has held many important offices during that period, and that his professional reputation is without previous blot.'' It recommends that he ''receive the public reprimand of this Honorable Court, provided that such reprimand be published as a part of the official reports of the Court, to the end that the same may be made possible of citation, and may accentuate the discipline administered;'' and adds that ''were it not for his prior good record its recommendation might be for more drastic discipline.''

All of which is approved by the court, save that, because of respondent's long and honorable record it is ordered that his reprimand be administered before the court in chambers.

Thereupon respondent was called before the court and thus addressed by the Chief Justice:

''Mr. ...........: You are here for reprimand by the Court for unprofessional conduct consisting of tampering with evidence and resorting to force in a controversy then pending in court and in which you were counsel. Having handed down a written opinion herein, which is of itself a reprimand, and which is now most seriously called to your careful attention and consideration, little further need be said by the Court. You are solemnly warned against a repetition of acts similar to

those complained of, or other violation of your professional duty, and advised that such will be a sufficient cause for your disbarment.''